IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVE MACK, | : | |
| Petitioner, | : | |
| V. | : | |
| | : | NO. 5:23-cv-00342-MTT-MSH |
| CHRISTOPHER CARR, | : | |
| Respondent. | : | |

## ORDER OF DISMISSAL

Petitioner Steve Mack, a prisoner in the Riverbend Correctional Facility in Milledgeville, Georgia, has filed a petition for a writ of habeas corpus challenging his January 2008 conviction in the Houston County Superior Court. Recast Pet., ECF No. 9. Petitioner has also paid the $5.00 filing fee for this case.

Petitioner, however, has challenged this same conviction through a previous federal habeas corpus petition, which this Court dismissed. *See* Order Adopting R. & R., *Mack v. Medlin*, Case No. 5:14-cv-00322-MTT-CHW (M.D. Ga March 10, 2016), ECF No. 29. "Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

The instant petition is successive within the meaning of § 2244(b). Moreover, it

does not appear, and Petitioner does not allege, that a three-judge panel of the Eleventh Circuit Court of Appeals has authorized this Court to consider a successive habeas petition for his 2008 conviction. Without such an order, this Court lacks jurisdiction to consider the successive claims. *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933-34 (11th Cir. 2001) (per curiam).

The Court therefore **DISMISSES** the petition without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3). The Court also **DIRECTS** the Clerk to furnish Petitioner with the application form required by the Eleventh Circuit.[1]

**SO ORDERED** and **DIRECTED**, this 15th day of November, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c). . . . Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary. . . .'" *Bolin v. Sec'y, Fla. Dep't of Corr.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)). Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.